UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAYON RHODES

      Plaintiff,

v.                                     Case No. 8:15-cv-2790-T-33MAP

CREDIT PROTECTION ASSOCIATION,

      Defendant.
_____/

**ORDER**

This matter comes before the Court upon Plaintiff Rayon Rhodes' "Motion Vacate [sic] Order and Reinstate Case" (Doc. # 19), filed on September 15, 2016. Defendant Credit Protection Association filed a response in opposition on September 27, 2016. (Doc. # 20). For the reasons that follow, the Court grants the Motion in part.

**DISCUSSION**

Before addressing the merits of the pending Motion, the Court finds it necessary to provide a brief history. The September 2, 2016, dismissal of this action was not the first time the Court dismissed a suit by Rhodes against Credit Protection for failure to prosecute. Prior to the commencement of the instant action, Rhodes filed an identical lawsuit against Credit Protection. Rhodes v. Credit Prot.

Ass'n, No. 8:15-cv-2184-T-33TBM. To summarize that earlier-filed action, the Court directed Rhodes' counsel to file a notice of mediation. When Rhodes' counsel failed to comply, the Court then directed counsel to file a notice of mediation. Rhodes' counsel yet again failed to comply, though. As such, the Court entered an Order to show cause, directing Rhodes to explain why the action should not be dismissed. As with the Court's prior Orders, however, the Order to show cause was not heeded, nor did Rhodes ever file a response. Accordingly, the Court dismissed the earlier-filed action for lack of prosecution.

Approximately two months later, Rhodes filed an identical complaint against Credit Protection. Rhodes' second-filed action was originally assigned to the Honorable James D. Whittemore, United States District Judge, but was thereafter transferred to the undersigned. (Doc. # 11). The Court vacated the case management and scheduling order that had been entered while the case was pending before Judge Whittemore, and entered its Scheduling Order, which is designed to the meet the particular needs of this type of action. (Doc. ## 13-14). The same sequence of events that led to dismissal of the first-filed action for failure to prosecute then occurred in this action; namely, Rhodes failed

to comply with not just one, or two, but three Orders of this Court. (Doc. ## 14-16). After providing ample opportunity for Rhodes to respond and comply with no avail, the Court dismissed the present action for failure to prosecute. (Doc. # 18).

Rhodes now moves to vacate the Court's September 2, 2016, dismissal and reinstatement of this action. (Doc. # 19). In support of his request, Rhodes states:

> 4. While Plaintiff's attorneys calendared to schedule an in person mediation with Mr. Grilli by December 1 if informal settlement discussions stalled, Plaintiff's attorneys inadvertently failed to calendar filing a Notice of Scheduling of Mediation with the Court by August 17, as required by the August 3rd Order, which also held "the parties are not permitted to mediate until the information exchange outlined in this Order, including answers to interrogatories, has been completed." Doc. No. 14
>
> 5. Plaintiff assures the Court that he is diligently prosecuting this matter through new counsel and intends to timely exchange the information enumerated in the Fast Track Scheduling Order [Doc. No. 14] with the hopes of resolving prior to mediation, or at mediation of informal settlement discussions are unsuccessful, and that the failure to file the Notice of Scheduling of Mediation was inadvertent and unintentional.

(Doc. # 19 at ¶¶ 4-5). Conspicuously missing from Rhodes' explanation, however, is any attempt to address his failure to comply with the subsequent Orders entered by this Court in an effort to effect the just, speedy, and inexpensive

resolution of this action. And, the omission is all the more troubling given Rhodes was well aware of the consequences his failure to comply with the Court's Orders would hold in store after the dismissal of his first-filed action for failure to prosecute.

The Court acted well within its discretion when it dismissed this action on September 2, 2016. See Mene v. Marriott Int'l Inc., 238 Fed. Appx. 579, 582 (11th Cir. 2007) (affirming district court's dismissal of action where plaintiff twice disobeyed court orders and consistently disregarded court-imposed deadlines). Therefore, the Court finds no reason to vacate its September 2, 2016, Order. In spite of Rhodes' lackadaisical approach to litigation, which has been outlined above, the Court will, in an abundance of caution and fairness, reopen this action. The deadlines contained in the Court's August 3, 2016, Scheduling Order shall govern this action and the Court will only entertain motions for extension of time upon the showing of extraordinary circumstances. Furthermore, the parties shall file a notice of mediation advising the Court of the day, time, and location of the mediation conference no later than noon on Wednesday, October 5, 2016.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Rayon Rhodes' "Motion Vacate [sic] Order and Reinstate Case" (Doc. # 19) is **GRANTED** as stated above.

(2) The Clerk is directed to reopen this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 3rd day of October, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

5