**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

RAYON RHODES,

Plaintiff,

v. Case No. 8:15-cv-02790-VMC-MAP

CREDIT PROTECTION ASSOCIATION,

Defendant.
_____________________________________ /

## DEFENDANT'S MOTION TO DISMISS CASE WITH PREJUDICE AND FOR SANCTIONS

Defendant, CREDIT PROTECTION ASSOCIATION, L.P. (hereinafter "CPA"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 3.01(a), hereby files its Motion to Dismiss Case With Prejudice and For Sanctions for Plaintiff's repeated failure to comply with this Court's orders and in support thereof states:

## INTRODUCTION

After having this case twice dismissed without prejudice for failure to abide by this Court's orders, Plaintiff, RAYON RHODES, has flagrantly disobeyed the Court's orders again by failing to appear personally at the court-ordered mediation conference on December 19, 2016, in addition to other recent noncompliance with the Court's Case Management and Scheduling Order, as will be more fully set forth below.

On December 19, 2016, Defendant CREDIT PROTECTION ASSOCIATION, through its Executive Vice President for Compliance Diane Evans, timely appeared in person with the undersigned at the office of Peter J. Grilli. After the time to start the mediation came and went, Plaintiff's counsel informed the undersigned, Ms. Evans, and Mr. Grilli that the Plaintiff was not going to appear personally, was presently in Alabama, and could proceed only by phone, which

likewise would have violated this Court's order (Doc. No. 14 at ¶ 8) as well as Loc. R. 9.05(c). In an abundance of caution and out of respect for the confidentiality of mediation, Defendant will not, in this motion, argue the particulars of the excuse for Mr. Rhodes's non-attendance that was communicated to Defendant and its counsel, but notes that if somehow such excuse could be deemed sufficient or even factually supported, Plaintiff made no move to seek relief from this Court, or to contact Defendant's counsel, or to contact the mediator, any of which might have at the very least spared Defendant (who did not leave Dallas until late in the afternoon on December 18, 2016), the expense and inconvenience of travelling to Tampa six days before Christmas.

The Plaintiff's contumacious disregard for this Court's authority, and lack of respect for the time and expense to which he has put Defendant, Defendant's counsel, and the mediator justifies dismissal of this action **with prejudice**, as well as an order requiring Plaintiff to pay the reasonable costs and attorneys' fees associated with Defendant's preparation for, travel to, and attendance at this mediation, including Defendant's share of the mediation fee.

## PROCEDURAL BACKGROUND

This is the second of two identical cases filed by Plaintiff RAYON RHODES against CPA, and, as before, the Court may find helpful a brief review of Plaintiff's noncompliance with this Court's orders. Each case was dismissed by this Court for failure to comply with this Court's orders. Specifically, in each case, the Plaintiff, through counsel, failed to coordinate mediation and file a notice advising of the date, time and location of same, despite the issuance of three orders in each case directing Plaintiff to do so. Additionally, Plaintiff, through counsel, failed to send counsel for CPA a copy of its mediation summary in advance of the court-ordered mediation conference and failed to show in person for the court-ordered mediation conference,

thereby causing the mediation conference to be terminated and wasting the time and resources of CPA and CPA's counsel.

**a. Case Number 8:15-cv-02184-VMC-TBM**

Plaintiff alleged that CPA violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act, 47 U.S.C. § 227, by impermissibly calling his cellular telephone. This case was initially filed as Case Number 8:15-cv-02184-VMC-TBM, in the United States District Court for the Middle District of Florida on September 17, 2015 (hereinafter, "Case 1"). On October 7, 2015, this Court entered an order referring the case to mediation and ordering Plaintiff's counsel, Shireen Hormozdi, to file a notice advising the Court as to the parties' agreed-upon day and time of mediation within fourteen days of the date of the order. (Case 1, Doc. 7). No such notice was filed, and on October 20, 2015, the Court entered an Endorsed Order again directing Plaintiff's counsel to file a notice advising the Court as to the parties' agreed upon day and time of mediation by October 21, 2015. (Case 1, Doc. 11). On October 26, 2015, after Plaintiff's counsel failed to comply with the Endorsed Order, the Court entered an Endorsed Order to Show Cause for Plaintiff's counsel to show by October 27, 2015, why the case should not be dismissed for failure to comply with the Court's Orders. (Case 1, Doc. 12). Again, there was no response to the Court's Order and the case was dismissed on October 28, 2015 (Case 1, Doc. 14) for failure of Plaintiff's counsel to comply with Court order.

**b. Case Number 8:15-cv-02790-JDW-MAP**

On December 4, 2015, Plaintiff refiled his lawsuit with the same allegations as those alleged in Case Number 8:15-cv-02184-VMC-TBM. The case was docketed as Case Number 8:15-cv-02790-JDW-MAP, and assigned to the Honorable Judge James Whittemore (hereinafter,

"Case 2"). On August 3, 2016, the case was reassigned to this Honorable Court, which promptly entered a new Scheduling Order directing Plaintiff's counsel, Shireen Hormozdi, to file a Notice of Scheduling Mediation by August 17, 2016, indicating the date, time, and location of the mediation conference. (Case 2, Doc. 14). Again, Plaintiff's counsel failed to file the Court-ordered Notice. On August 22, 2016, the Court issued an Endorsed Order directing Plaintiff's counsel to file a Notice of Mediation by August 24, 2016. (Case 2, Doc. 15). Plaintiff's counsel again failed to file the required Notice in the time allotted by the Court. On August 25, 2016, the Court entered an Endorsed Order to Show Cause to Plaintiff's counsel to show by August 30, 2016, why the case should not be dismissed for failure to comply with the Court's Orders. (Case 2, Doc. 16). For the sixth time over the course of two iterations of this same lawsuit, Plaintiff's counsel failed to respond to the Court's order, and this case was dismissed on September 2, 2016. (Case 2, Doc. 18).

Plaintiff, through new counsel, filed a Motion to Vacate, stating "Plaintiff's attorneys inadvertently failed to calendar filing a Notice of Scheduling of Mediation with the Court by August 17, as required by the August 3rd Order . . . ." (Case 2, Doc. 19 at ¶ 4). Plaintiff, through counsel, did not address why his counsel failed to respond to the Court's August 22 or August 25 Orders. Additionally, Plaintiff, through counsel, did not address why his counsel failed to respond to the three prior orders in the 2015 case that led to this case being dismissed the first time. Nevertheless, the Court, in an abundance of caution, granted Plaintiff's Motion (Case 2, Doc. 21). Thereafter, Plaintiff, through counsel, failed to file a notice of mediation within the time proscribed by the Court and filed a notice of mediation outside the deadline required by the Scheduling Order, each time resulting in the Court issuing a Show Cause Order (Case 2, Doc. 24, 28).

More glaringly, on December 19, 2016, Plaintiff failed to appear in person for the court-ordered mediation conference, (Case 2, Doc. 37) in flagrant violation of the Court's Scheduling Order (Case 2, Doc. 14 at ¶ 8(c)) and Local Rule 9.05(c). At no time prior to the court-ordered mediation conference did Plaintiff file a motion with the Court or inform counsel for CPA (or the mediator) that Plaintiff would be unable to attend the mediation conference in person, as required. Plaintiff, through counsel, also failed to provide CPA with a Case Summary as required by the Court's Scheduling Order (Case 2, Doc. 14 at ¶ 8(a)).

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action with prejudice "[i]f the plaintiff fails . . . to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Rule 41(b) also permits "a district court . . . to dismiss actions for failure to comply with local rules." *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993). When a litigant has failed to obey a direct order of the court dismissal is appropriate. *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir.1983), citing *Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir.1978). For example, a dismissal for failure to pay costs is justified where the court makes it clear that payment is a condition for avoiding dismissal. *Stern v. Inter–Mountain Telephone Co.*, 226 F.2d 409 (6th Cir.1955). Dismissal is generally not an abuse of discretion when the litigant has been forewarned. *See State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir.1982); *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1169 n. 8 (5th Cir.1980).

In this case, Plaintiff, through counsel, was warned **eight separate times** about the consequences of failing to comply with the Court's orders. In fact, Plaintiff, through counsel, was fully aware of the consequence of failing to comply with this Court's orders, as his case had

previously been dismissed for failing to comply with the Court's Order. Despite repeated warnings, Plaintiff has repeatedly disregarded the orders of this Court. Under facts such as these, the Court is well within its authority to dismiss this action. *See, e.g., Mene v. Marriott Int'l Inc.*, 238 F. App'x 579, 582 (11th Cir. 2007) (holding that district court was within its discretion to dismiss the case after the plaintiff had twice failed to comply with a court order). Not only has this pattern of behavior shown a complete lack of respect for the Court, but has made it difficult and unnecessarily vexing for Defendant CPA to defend this particular action. Among other things, CPA, through counsel, expended time and resources in preparing for the court-ordered mediation conference, including the cost of airfare from Dallas, Texas to Tampa, Florida for its corporate representative to attend the court-ordered mediation conference Consequently, CPA requests that the Court dismiss this case **with prejudice**, as less severe sanctions have proven futile. *See Atkinson v. Volusia Cty. Sch. Bd.,* No. 615CV619ORL40DAB, 2016 WL 4943935, at *2 (M.D. Fla. Sept. 16, 2016) (in light of warnings that continued failures to comply with court orders would result in dismissal, further disregard for court's orders justified dismissal, as the Court no longer had reason to believe that any other sanction would coerce compliance); *see also Mingo v. Sugar Cane Growers Co-op. of Florida*, No. 83-8640-CIV-PAINE, 1989 WL 205633, at *13 (S.D. Fla. May 26, 1989), *Jenkins v. FMA All., Ltd.,* No. 3:12-CV-627-J-12MCR, 2013 WL 3149451, at *2 (M.D. Fla. June 12, 2013).

**WHEREFORE**, for the foregoing reasons, Defendant, Credit Protection Association, LP, respectfully requests that the Court enter an order dismissing this case with prejudice and entering an order entitling CPA to its fees and costs associated with preparing for and attending the court-ordered mediation conference.

**I HEREBY CERTIFY** that, on December 19, 2016, and in accordance with Local Rule 3.01(g), I conferred with attorney Stephen R. Caplan, attorney of record for Plaintiff, regarding the issues raised by this Motion, and that Plaintiff's counsel objects to the relief sought herein.

**CERTIFICATE OF SERVICE**

I hereby certify that on December 19, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to: Stephen R. Caplan, Caplan & Associates, P.A., 31 N. Hyer Ave., Orlando, FL 32801, scaplan860@aol.com.

*s/ Ruel W. Smith*
Ruel W. Smith
Florida Bar No. 36548
rsmith@hinshawlaw.com
Andrew J. J. Collinson
Florida Bar No. 55552
acollinson@hinshawlaw.com
HINSHAW & CULBERTSON LLP
100 South Ashley Drive, Suite 500
Tampa, FL 33602
Tel: 813-276-1662
Fax: 813-276-1956
Attorneys for Defendant CREDIT PROTECTION ASSOCIATION