**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

RAYON RHODES,

Plaintiff,

v. CASE NO.: 8:15-cv-02790-VMC-MAP

CREDIT PROTECTION
ASSOCIATION,

Defendant.
_________________________________________/

**RESPONSE TO ORDER TO SHOW CAUSE**

Plaintiff, Rayon Rhodes, in response to this Court's January 19, 2016 Order to Show Cause, hereby states as follows:

1. The Court ordered Plaintiff to show cause why this action should not be dismissed after Plaintiff failed to appear *in person* for the mediation on December 19. *See* Doc. Nos. 37 and 38.

2. Upon mediation being scheduled in this matter, Plaintiff made arrangements to appear in person for mediation on December 19. *See* declaration of Rayon Rhodes, attached hereto as Exhibit A.

3. On Sunday, December 18, violent storms passed through the town where Plaintiff currently resides, Valley Head, Alabama, and a cause a very large tree to uproot and fall on Plaintiff's home on December 18 causing significant damage to Plaintiff's home. *See* Exhibit A; *see also* picture of Plaintiff's home with the aforementioned tree, attached hereto as Exhibit B. The damage from the tree exposed Plaintiff's home to the outside elements of nature, which also resulted in a great deal of water and ice accumulating inside his home. *See* Exhibit A. Plaintiff

contacted contractors who are, at the time of filing this response, removing the tree and sealing the damaged, and exposed, portion of Plaintiff's homes. *See* Exhibit A.

4. As Plaintiff is having major clean-up and repairs on his house, Plaintiff's attendance was needed at his home and, accordingly, Plaintiff was unfortunately unable to travel to Tampa for the mediation. *See* Exhibit A. The day that the tree fell on Plaintiff's home, Plaintiff emailed his attorney on Sunday with a picture of the damage and advised that he would be unable to travel to the mediation as a result. *See* Exhibits A and B.

5. The next morning, December 19, Plaintiff by and through his attorney advised Defendant that Plaintiff could still attend the mediation, but only by phone, due to the circumstances.

6. Although the mediator was willing to proceed with mediation with Plaintiff appearing by phone, Defendant refused and the mediation was terminated.

7. Plaintiff's undersigned attorney understand that prior to his appearance, Plaintiff's original attorney had missed deadlines thereby casting a cloud over his missed in-person attendance at the mediation. However, the undersigned assures the Court that since appearing in this matter he has attempted to meet every deadline without the need to request an extension, but that when the first request for an extension of the mediation deadline was made it was due to attempting to schedule a mediation date that fit all parties' schedules. The undersigned attorney was physically present at the December 19th mediation and Plaintiff would have been physically present for the mediation as well, but for the tree falling on his home causing severe that required his immediate attention.

8. Simply put, Plaintiff would have appeared in person for mediation on December 19 but for the unavoidable and unforeseeable event of a tree falling on Plaintiff's home.

WHEREFORE, Plaintiff, Rayon Rhodes, respectfully requests that the Order to Show Cause against Plaintiff be discharged and to extend the mediation deadline to account for the unforeseen events detailed herein.

Dated: December 19, 2016 By: /s/ Stephen R. Caplan

Stephen R. Caplan
Caplan & Associates, P.A.
31 N. Hyer Ave.
Orlando, FL 32801
(407)872-6249
steve@caplan-associatespa.com
www.caplan-associatespa.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that on December 19, 2016, I served all counsel of record with a copy of this document by way of the CM/ECF system.

By:/s/ Stephen R. Caplan
Stephen R. Caplan