UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAYON RHODES

    Plaintiff,

v.                        Case No. 8:15-cv-2790-T-33MAP

CREDIT PROTECTION ASSOCIATION,

    Defendant.
_____/

**ORDER**

This matter comes before the Court upon the filing of Plaintiff Rayon Rhodes' Response to Order to Show Cause (Doc. # 40), filed on December 19, 2016. For the reasons below, the Court requires more information.

**Discussion**

Prior to the commencement of the instant action, Rhodes filed an identical lawsuit against Defendant Credit Protection Association. Rhodes v. Credit Prot. Ass'n, No. 8:15-cv-2184-T-33TBM. In that earlier-filed action, the Court directed Rhodes to file a notice of mediation. When Rhodes failed to comply, the Court directed Rhodes to file the notice of mediation by a date certain. But, Rhodes failed to comply. As such, the Court entered an Order to Show Cause, directing Rhodes to explain why the action should not be dismissed. As

with the Court's prior Orders, the Order to Show Cause was not heeded. Accordingly, the Court dismissed the earlier-filed action for lack of prosecution.

Approximately two months later, Rhodes filed an identical complaint against Credit Protection. Rhodes' second-filed action was assigned to the Honorable James D. Whittemore, United States District Judge, but was thereafter transferred to the undersigned. (Doc. # 11). The Court vacated the case management and scheduling order entered while the case was pending before Judge Whittemore, and entered its Scheduling Order. (Doc. ## 13-14).

The same sequence of events that led to dismissal of the first-filed action for failure to prosecute then occurred in this action. Rhodes again failed to timely file a notice of mediation as directed. (Doc. # 15). The Court directed Rhodes to file the notice of mediation by a date certain; however, that deadline was also disregarded. (Doc. # 16). Accordingly, the Court ordered Rhodes to show cause why this action should not be dismissed for failure to prosecute. (Id.). Rhodes did not respond as directed. After having its Orders consistently flouted (in two different cases no less), the Court dismissed this action for failure to prosecute. (Doc. # 18).

About two weeks after the dismissal, Rhodes moved to vacate the Court's September 2, 2016, dismissal and reinstatement of this action. (Doc. # 19). Although Credit Protection opposed the relief sought (Doc. # 20), the Court, while declining to vacate its September 2, 2016, Order, reopened the action. (Doc. # 21). That Order specifically remarked upon "Rhodes' lackadaisical approach to [this] litigation," noted the "deadlines contained in the Court's . . . Scheduling Order shall govern," and directed that "the parties shall file a notice of mediation advising the Court of the day, time, and location of the mediation conference no later than noon on Wednesday, October 5, 2016." (<u>Id.</u> at 4). The case, however, remained inert as Rhodes yet again failed to timely file a notice of mediation. In response, the Court again ordered Rhodes to show cause why this action should not be dismissed. (Doc. # 24).

Rhodes filed his response to the Court's Order to Show Cause (Doc. # 27), but the Court found it to be inadequate and directed him to file a supplement "specifically explain[ing] why he missed yet another Court-ordered deadline," (Doc. # 28). In his supplement, Rhodes stated that he was not available for any of the dates within the deadline to conduct mediation. (Doc. # 30 at 1-2). Rhodes also

3

"assure[d] the Court that something of this nature[, i.e., failing to comply with a Court Order,] w[ould] not happen again." (Id. at 2). On the same day that he filed his supplement, Rhodes filed a motion to extend the deadline to conduct mediation. (Doc. # 29). The Court granted the motion, stating, "[t]he deadline to conduct mediation is December 19, 2016. No further extensions of time will be granted with respect to the mediation deadline." (Doc. # 31).

On the morning of December 19, 2016, the last echo of Rhodes' assurance faded away as Rhodes failed to appear in person for the mediation conference as directed. (Doc. # 37). The Court entered another Order to Show Cause, this time ordering Rhodes "to show cause why this action should not be dismissed for (1) failure to prosecute and (2) continual disregard for the Court's orders . . . ." (Doc. # 38). Rhodes filed his response, supported by a declaration, the same day. (Doc. # 40).

In his declaration, Rhodes states that he "currently reside[s] in Valley Head, Alabama with his fiancé and child," and that he "had intended to drive to Tampa, Florida for the mediation . . . on December 19, 2016." (Doc. # 40-1 at ¶¶ 4-5). Rhodes goes on to state that "[o]n December 18, 2016, the winter storms that had come though [sic] Valley Head caused

4

a large tree next to [his] home to fall on [his] house and crash though the house." (Id. at ¶ 7). Rhodes "took a photo of the damage caused by the tree and emailed that photo to one of [his] attorneys . . . and explained that as a result of the tree falling on [his] house [he] would not be able to appear the next day," which presumably is a reference to December 19, 2016. (Id. at ¶ 9). Rhodes also "spoke with one of [his] attorneys . . . and explained that a tree had fallen on [his] house due to storms and asked if [he] would be able to still participate in the mediation over the telephone," on "the morning of December 19." (Id. at ¶ 11). A company has been scheduled to remove the tree and start repairs to his house, "which [he] had to be present to oversee." (Id. at ¶ 10).

    Hours after Rhodes filed his response, Credit Protection filed a supplement arguing that Rhodes falsely claimed that the picture attached as Exhibit B to his response is a picture of his house as of December 18, 2016. (Doc. # 43 at ¶¶ 2-9); see also (Doc. # 40 at ¶ 3) ("On Sunday, December 18, violent storms passed through the town where Plaintiff currently resides, Valley Head, Alabama, and a [sic] cause a very large tree to uproot and fall on Plaintiff's home on December 18 causing significant damage to Plaintiff's home. See Exhibit

5

A; see also picture of Plaintiff's home with the aforementioned tree, attached hereto as Exhibit B."); (Doc. # 40-1 at ¶ 9) ("I took a photo of the damage caused by the tree and emailed that photo to one of my attorneys . . . .").

The Court also notes that Rhodes has filed a motion to withdraw his response (Doc. # 41) and that Rhodes' counsel has moved to withdraw as counsel (Doc. # 42). The Court has every right to expect honesty and candor from parties and attorneys appearing before it. In the face of the gravity of the situation, the Court requires more information, detailed below, before determining the appropriate next step.

The first hole in Rhodes' explanation that needs further explanation is what time the tree fell. Valley Head, Alabama is approximately eight-and-a-half hours away by car from Tampa, Florida. And, with the mediation being scheduled for 9:30am on December 19, 2016, Rhodes would have had to have departed from Valley Head no later than 1:00am on December 19, 2016, and drive straight through the night in order to arrive in Tampa on time. The unlikely nature of such a moon-light drive undercuts the persuasiveness of Rhodes' explanation. Moreover, Rhodes' excuse is only applicable if the tree fell before he should have otherwise departed. Thus, Rhodes must supplement his declaration by submitting a

6

statement under oath explaining to the Court when he intended to depart for Tampa and when the tree fell.

Second, although Rhodes does not occupy the house alone, he states that he "had to be present to oversee" the removal of the tree. (Id. at ¶¶ 4, 10). Other than his conclusory statement that he "had to be present," Rhodes provides no explanation as to why his fiancé or someone else could not oversee the removal of the tree, nor does he otherwise explain why his presence was required in Valley Head so as to preclude him from complying with a Court Order. As such, Rhodes must supplement his declaration by submitting a statement under oath providing this information.

Third, Rhodes' declaration (and his response) does not explain why, despite having at least eight-and-a-half hours,[1] he did not seek leave of Court for either an extension of time or to appear telephonically at the mediation conference. In fact, the declaration demonstrates that Rhodes contacted

---

[1] The Court says at least eight-and-a-half hours because that is the approximate travel time required to reach Tampa from Valley Head and, if Rhodes had not left early enough to account for travel time, he would have missed the mediation conference and still have been in violation of the Court's Scheduling Order. Thus, in order for the tree excuse to even come into play, the tree would have had to have fallen before Rhodes should have left Valley Head. But, as explained, Rhodes failed to provide the specific timing for the sequence of events on December 18, 2016.

7

his counsel at some point on December 18 and again on the morning of December 19 to inform his counsel that he would not be attending the mediation in person. (Id. at ¶¶ 9, 11). In spite of this advance notice, Rhodes did not seek leave of Court. Therefore, Rhodes must supplement his declaration by submitting a statement under oath explaining (1) what time he first contacted his counsel, by any means, to inform counsel that he would not be attending the mediation conference and (2) why he did not seek leave of Court to continue the mediation conference or to appear telephonically at the mediation conference. If ever there was a time to utilize Local Rule 3.01(e), this would have been such an instance. Had Rhodes sought leave of Court, rather than unilaterally deviating from the Court's Scheduling Order, the Court would have worked with him given the circumstances.

Fourth, Rhodes indicates that he has contracted a tree removal company, but he provides no corroborating evidence. As such, Rhodes must supplement his declaration by submitting any and all documentation evincing when the tree fell, when Rhodes contracted with any person or company to remove the tree, and when said contracted person or company was scheduled to remove the tree.

Fifth, Rhodes must explain why the picture attached as Exhibit B to his response (Doc. # 40-2) is identical to the photograph found on the website cited to by Credit Protection (Doc. # 43 at ¶ 8). Furthermore, Rhodes must explain, under oath, when he putatively took the picture attached as Exhibit B to his response and produce evidence supporting his claim.

The Court's efforts to bring this action to a timely, just, and inexpensive resolution have been frustrated time and again by Rhodes' continual inability to follow the Court's Orders and comply with the Court's deadlines. When the Court is forced to expend large amounts of time attempting to gain the compliance of a plaintiff insistent upon delaying an action, judicial resources are needlessly wasted, which, in turn, places a drag on the Court's ability to effectively manage its docket. Heretofore, the Court has been more than patient with Rhodes, giving him chance after chance to comply. When the Court sought fairness in an abundance of caution, Rhodes took advantage, but those missteps have led to the thin ice upon which Rhodes now finds himself standing.

Rhodes shall file a supplement to his response as directed herein no later than December 29, 2016. Failure to comply will result in dismissal of this action with prejudice and may result in sanctions against Rhodes.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Rayon Rhodes shall file a supplement to his Response to Order to Show Cause (Doc. # 40), providing the supplemental information as directed above, no later than December 29, 2016. Failure to comply will result in dismissal of this action with prejudice and may result in sanctions against Rhodes.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 20th day of December, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE