```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

RAYON RHODES,

    Plaintiff,

v.                                Case No. 8:15-cv-2790-T-33MAP

CREDIT PROTECTION ASSOCIATION,

    Defendant.
_____/

**ORDER**

This matter comes before the Court sua sponte and upon Defendant Credit Protection Association's Motion to Dismiss Case with Prejudice and for Sanctions (Doc. # 39), filed on December 19, 2016. Plaintiff Rayon Rhodes has not complied with the Court's December 20, 2016, Order (Doc. # 44), nor has Rhodes responded to Defendant's Motion. For the reasons below, this action is dismissed with prejudice.

**Discussion**

The Court has previously recounted Rhodes's history of noncompliance with the orders of this Court. (Doc. ## 21, 38, 44). As such, the Court provides a mere summary for purposes of this Order.

Prior to the commencement of the instant action, Rhodes filed an identical lawsuit against Defendant Credit

Protection Association. Rhodes v. Credit Prot. Ass'n, No. 8:15-cv-2184-T-33TBM. That action was dismissed for failure to prosecute. Id. at (Doc. # 14) (order dated October 28, 2015, dismissing case).

About two months later, Rhodes, rather than moving to reopen the earlier-filed action, instituted this action against Defendant, which was transferred to the undersigned from the Honorable James D. Whittemore, United States District Judge. (Doc. ## 1, 11). The continual noncompliance that plagued the first-filed action also thwarted the Court's attempts to secure the just, speedy, and inexpensive resolution of this action. To be sure, Rhodes:

> (1) failed to timely file a notice of mediation as required by the Court's Scheduling Order (Doc. # 15);
>
> (2) failed to file a notice of mediation within the extension of time granted sua sponte by the Court (Doc. # 16);
>
> (3) failed to respond to the Court's August 25, 2016, Order to show cause (Doc. # 18);
>
> (4) failed to file a notice of mediation after the case was reopened (Doc. # 24);
>
> (5) failed to appear for Court-ordered mediation as required under the Court's Scheduling Order (Doc. # 38);
>
> (6) submitted a questionable explanation as to why he did not appear in person for mediation (Doc. ## 40, 44);

(7) failed to provide the supplemental information as ordered, even after being granted an extension of time to do so (Doc. ## 44, 46); and

(8) failed to respond to the Defendant's Motion.

The Court has been more than accommodating to Rhodes, but at some point enough is enough. As stated in the Court's December 20, 2016, Order, failure to comply would "result in dismissal of this action with prejudice and may result in sanctions against Rhodes." (Doc. # 44 at 10). Because Rhodes has not responded to the Court's request for further information, this action is dismissed. The only question remaining is whether the Court will dismiss the action with prejudice as a sanction. Although the Court intimated it might impose sanctions beyond dismissal with prejudice, and Defendant requests as much, the Court finds dismissal with prejudice is sufficient.

"'[D]ismissal with prejudice is a drastic sanction that may be imposed only upon finding a clear pattern of delay or willful contempt *and* that lesser sanctions would not suffice.'" Turner v. United States, 203 Fed. Appx. 952, 954 (11th Cir. 2006) (quoting Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1340 (11th Cir. 2005)). Furthermore, the Eleventh Circuit "rigidly requires the district courts to

make these findings precisely because the sanction of dismissal with prejudice is so unsparing, and [it] strive[s] to afford a litigant his or her day in court, if possible." Id. (quoting Betty K Agencies, 432 F.3d at 1340) (internal quotation marks omitted).

As demonstrated above, Rhodes has continually refused to comply with the Court's orders, which evinces a flagrant and willful disregard for this Court's authority. In addition, the Court has already dismissed Rhodes's suit against Defendant twice (once in the earlier-filed action and once in this action) without prejudice because of Rhodes's noncompliance. Yet, in spite of those dismissals, Rhodes has continued to disregard the Court's orders. Therefore, the Court finds that a less drastic sanction will not suffice.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Having found Rhodes's behavior to be willful and that no less drastic sanction is sufficient, Defendant Credit Protection Association's Motion to Dismiss Case with Prejudice and for Sanctions (Doc. # 39) is **GRANTED** insofar as this action is **DISMISSED WITH PREJUDICE.**

(2) Plaintiff Rayon Rhodes's Motion to Withdraw (Doc. # 41) is **DENIED AS MOOT.**

(3)  The Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 2nd day of February, 2017.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE